express the appreciation of the court, and in particular, myself and Judge Jordan, to Judge Arthur Alarcon, who is a senior judge of the Court of Appeals for the Ninth Circuit. I've known Judge Alarcon for about 20-something years now. We were on a committee together, and I think when I was chief, I was the first one who had Judge Alarcon come to help us out. We can't do our work as timely as we try to do if we didn't have help. We're down two judges, of our 14 authorized judges, and we have no idea when those appointments will be made. My guess, I won't guess, but we're just delighted to have Judge Alarcon with us from California. And we'll hear counsel in the first case, and let me tell everybody, you're all experienced, you know that we read the briefs. This is known as a hot court. You can tell us whatever facts you want, but we'll probably interrupt you because we have questions, and that's why we've asked for argument. Okay. May I please report, counsel? My name is John Yanninick. I'm a lawyer from Harrisburg with the law firm. One minute. That's not the name I have on my list. I have Daryl Bloom. This is Mr. Bloom, Your Honor. He's a prosecutor. Okay. And then the other, well, who's the appellant? I am, Your Honor. Mr. O'Carroll is the appellant. No, I understand. What is your address? Yeah, the minutes are incorrect. Well, yeah, but we have to know. So you are, let's get your name. My name is John Yanninick. I briefed this case, Your Honor. I'm here on behalf of Antoine O'Carroll. I'm a CJA appointed counsel. I represent him at the guilty plea held back in Harrisburg. Essentially, Antoine pled guilty to being a felon in possession of a firearm. The issue is the enhancement. Correct, Your Honor. We took issue with a four-point enhancement for use in connection, the firearm being in use in connection with another felony. This enhancement comes from uncharged misconduct that was first shown to us in the pre-sentence report. Did you object to the PSR? It's not clear to me on the record. Yes, I did, Your Honor. Here's my letter, and I'll read for you. I have that letter. Is that an objection to the entire PSR? What is it that you were objecting to? Specifically to Paragraph 3. Paragraph 3, you have a pre-sentence report dealing with someone who is in possession with a firearm. But if you read Paragraph 3 of the pre-sentence report, it has to do with all this uncharged misconduct. Let me ask a question, if I could. Is the objection that you made to the factual assertion in the PSR, or was it purely to your contention that this was uncharged conduct and therefore not fairly part of the decision? I think both. I think both. Where can you show us in the record that you made an objection to the factual assertion in the PSR? Here's my letter. It's with the pre-sentence report. It should be an addendum to the pre-sentence report, included with Mr. Vogt, who is a probation officer. What did you say in there that said, hey, they're just wrong. It wasn't the same gun. I'll read from you. It's the fourth paragraph. Defendant O'Garrow objects to the characterization of the facts provided to the court in Paragraph 3 of the pre-sentence report. Defendant O'Garrow never specifically admitted to these facts in conjunction with his plea in Dauphin County Court. Now, let me just finish. Further, the above referenced enhancement would require at a minimum a hearing to prove that the firearm involved in this case was involved in the other incident on October 6, 2002. Okay. I understood that from your letter. What I don't understand is that you ever at any point said, that's wrong. You said, we don't agree with that and we'd like a hearing, but was there ever a point in time where anything in the record shows we have an alternative version of the facts? Here it is. This is why you shouldn't, Judge, this is why you shouldn't trust what's in the PSR. We're saying that there hasn't been any proof that the firearms are the same, Your Honor, and that's consistent. How about that it looks the same, it's in this similar looking bag and it's the same, indisputably the same guy and it's in the same van where she said he put it. That would be great if there were a hearing on those issues, if there was some evidence. When you say evidence, here's the It's legitimate to rely on hearsay? Hearsay is permissible. The Robinson decision says that, but it has to be up record of some form or fashion. In this case, there was nothing even up record. You didn't have the police reports in question. They're not up record. You didn't have any documents that relied on what happened on October, or excuse me, June 6th. There are no facts, no testimony. So it's the bottom line, the contention that the court can't rely on the representations of the pre-sentence office without having a hearing? They can't be the gatekeeper of the facts. There has to be some evidence on the record that happens at the hearing, or otherwise you're having a meaningless hearing. You shouldn't even call it a hearing. Do you have any authority, as I understand your proposition in response to the questions of Judge Jordan, that a district judge can't sentence on the basis, exclusively on the basis of what's in the pre-sentence report when there has been an objection, obviously if there's been no objection. Is that your legal position? Yes, Your Honor. It's a due process. Okay. Is there any authority for that proposition? I understand the legal position. I don't think there is one way or the other. No authority either way? I don't think so. I could be wrong. Do you agree that if we were to not accept your position that there had to be something more than what was provided to the court by way of the pre-sentence report, that that's game up for your client's contention? That if we accepted that that was a sufficient factual basis, that there would be enough there on which to determine that it was appropriate to make the enhancement that was made? I believe on the basis of the Fisher case, which you were a part of, I believe, Your Honor, the Robinson case that says hearsay is okay, that if you have a hearing and you present, and in this case they presented testimony from a transcript or something from the Dauphin County State Court that said something related to a gun. They presented an exhibit that talked about a description of a gun. They presented a police officer who said that he saw the gun or that this gun would be the same as the gun or look similar to this other gun or that he took the statement of the alleged victim and she said it's the same gun. He didn't have anything in this case. Is there a disputed issue of fact that it was a silver revolver in the car when he was stopped and that she said it was a silver revolver that was pointed at her during the terroristic threat? Yes, Your Honor. It was clearly a revolver in our case. I don't have any evidence. Which is our case? The case of the facts and circumstances that were charged. The offense was a felon in possession of two firearms and one of them was a silver revolver. Correct. And then the PSR says that in the attack against the girlfriend, it was a silver revolver that was pointed through the crack of the door. Right? I don't know what that... Well, wait a minute. You know that that's what the PSR says. Right. My question to you is, are you saying that there has to be proof that it was a silver revolver? There's a proof that there was a revolver period involved. I mean something, somebody saying that there was a revolver. I mean, revolvers come in, they're not multicolored. I mean, generally they're silver or black, maybe an off silver or a kind of just a plain. I have the slightest idea. Well, they don't come in the colors of the rainbow. So it's not enough in our view just to say it was basically a revolver. So you, I just want to get your bottom line. Your position then is that there has to be some evidence before the district court to show that the firearm in the predicate offense, the first offense, was a silver revolver or a revolver. Yes, Your Honor. I think that cuts across many other cases, too. There has to be some evidence on a record, period. Can I get an answer to the earlier question, though? Oh, sorry. No, it's okay. It's fine. I'm still not, I don't, with all due respect, I don't think you answered my question. Do you believe that if we accept, let's try that again, if we accept that the PSR is a sufficient basis for what the court did, is that the end of the case from your perspective or do you have some other legal position beyond saying relying on the PSR isn't enough? If you make that as the law, I believe then I'll have difficulty, I think, making an argument because there are facts in the PSR that support that the gun was the same gun. Now, if someone testified, you say there had to be a hearing. If someone testified, well, let's say if the girlfriend testified that or put in an affidavit that it was a silver revolver, she testified or put an affidavit in that which is included in the PSR, would that be enough for the district court to draw the inference that it was the same firearm? I believe so. The standard you said is so low with the preponderance of the evidence standard, I think if that's of record, there's then evidence to support that finding. You mean so the silver revolver is the issue? I believe so. Evidence is the issue, Your Honor. Any evidence is the issue. Are you going to have a meaningful hearing for these defendants? Are you going to allow the probation officer to be the gatekeeper of an enhancement? That's the issue. It's a due process consideration. How about this as a due process consideration? Is there any obligation for a district court to hold a hearing when nothing has been put into dispute? I'm now anticipating what I think your opponent will say, but I'd like to hear your response to it now. If you don't give the court any reason to say this is wrong, what purpose is served by making the district court have a hearing in which to take evidence? If the PSR makes a representation, and of course a pre-sentence report is written by a pre-sentence officer, an officer of the court itself, and that officer of the court says this is the evidence, Judge, and there's nothing given by the defense whatsoever to say those facts are erroneous, what purpose, Justice Wright, is served by having a hearing to put in evidence of something which is not in dispute? If nothing's in dispute, Your Honor, I don't believe you should have a hearing. And what makes a dispute? I guess that's what we're coming down to. I take it your position is there's a dispute of fact if we say we want a hearing. I assume the other side will say something like, no, there's only a dispute if the other side says we've got different facts. What's the right side of that argument? Well, if I say there's a hearing, then you have to prove something. And that proof, that what I'm asking to prove is an element of an enhancement, I think you have to have a hearing. And that's what I asked for in this What? If there's no indication in the record, none, that what's in the PSR is wrong, why would you be entitled to a hearing? A hearing to prove that the firearm involved in this case was involved in the other incident. That's what I asked for. I think we understand your May it please the court. My name is Darryl Bloom. I'm an assistant United States attorney in the Middle District of Pennsylvania, and I represent the United States in this proceeding. Essentially, I would submit to the court regarding the proof at the proceeding. Certainly, the inherent reliability to the pre-sentence report that was prepared. Why is there an inherent reliability to the pre-sentence report? What says that? I don't know any specific case that says that. I think essentially that the pre-sentence report is prepared based upon conviction records, based upon police reports. But the pre-sentence report was objected to. You're right. If the pre-sentence report comes in without objection, then that's what the district court has, the sentencing court. But in this case, the pre-sentence report was objected to, and the defense lawyer specifically says that he never admitted to those facts. Okay. It doesn't contain facts that establish a direct connection. By the way, you concede that it has to be the same firearm that was in the first offense. I do not. You don't? I do not. I don't concede that. The reason I don't concede that is because the sentencing guideline very specifically says any firearm. In this case, I think we do. In connection with. Doesn't it also have the words in connection with? It does indeed. It says. Okay. So what does that mean? Any firearm in connection with any other felony offense. Okay. So what does in connection with mean if not that it's the same firearm? Well, the offense here is for possession as a felon or a felon in possession charge. Certainly had he possessed any firearm, certainly that would be, I think, in connection with that offense. You mean if they found a rifle. I assume that's a firearm. If they found a rifle in the car, a felon with a rifle, and the prior offense was reputed to be with a revolver, that would justify the enhancement? I think it may. I don't think that's the issue before the court. Well, no, it's partly the issue before the court. I think it's much easier in this case. Well, wait a minute. Wait a minute. I want to get the position of the U.S. Attorney because I assume you're giving the government's position and like to know what the government's position is. In the cases that you referred to, like Navarro, etc., it was clearly the same firearm. Indeed. I think in this case, I think it's the same firearm as well. Well, that's the question that I asked you. Does it have to be the same firearm? I thought the court was not limiting me to this case. Certainly, I think in this case, I think very clearly the evidence would suggest that indeed it is the same firearm. What we have is we have the officer who recovered the firearm that says it's a There's no question as to what was recovered, I don't think, from the vehicle. But the question is, was one of those used in the prior offense? It was a silver revolver, but nobody testified to that, right? That's correct, Your Honor. The pre-sentence report was based upon a police report. As this court had held in the United States v. Leakins, certainly there's a reliability to police reports. Yeah, but the Supreme Court has also held that you can't use police reports to prove the predicate offense in an ACCA charge, right? So obviously the Supreme Court doesn't think that police reports necessarily stand for what they say. Not always, but I think we have a further indicia of reliability in this case. We have an incident that happened 19 days before the defendant is stopped and arrested. And at that time, the victim presented very detailed information regarding a blue backpack, regarding a minivan, and a silver revolver handgun. Nobody questions, I don't think, and I think Judge Jordan's question, nobody questions the fact that this is what the police report says. The issue before us, and it's really a significant one, is can you rely solely on the police report if the defendant objects and says, I want a hearing? As I understand what he's saying, he's saying get somebody in there, or maybe even an affidavit you can take, per se. Get something. Whose burden is it, by the way? Well, I think it would be the government's burden to present the evidence. So the government's burden. So this question about the fact that he didn't offer any evidence or anything, it's not his burden to do anything. It's the government's burden to show that it was, that one could reasonably draw the inference that it was the same gun. What evidence did you put in beside the police report? That would be it, and I think that would be sufficient to present a preponderance of the evidence. Clearly, we have a very experienced jurist that made that determination. Well, if it had been a judge who was there for the first week, it wouldn't matter, would it? It really wouldn't. Okay, so the fact that it was an experienced judge is not really relevant. Let me ask you this, if I might, because I'm not sure that I understand your response to one of Judge Slobner's earlier questions. I think I do understand that your position is, hey, Third Circuit, you don't have to decide the question of whether or not, as a matter of law, any other gun would still suffice to support the enhancement, because in this case, as a factual matter, we, the government, are contending it was the same gun, and we've given sufficient basis for a determination of that by the police report that's reflected in the pre-sentence report. But what if we were to say, well, we don't think that is enough. As a legal matter, is your position that well, even if it's not the same gun, it was a gun, and any gun is sufficient because the enhancement says, the guidelines say, any gun. Now, is that the legal position you're presenting to us, or are you prepared to say here, if it's not the same gun, we fold our tent and that enhancement goes away? I'm not prepared to say that exactly, and I'm not exactly prepared. I do know there's a whole host of cases, various circuits, that indicate that it does not need to be the same gun for different offenses. Did you cite any cases on that point? I did not, and one of the reasons that that was not cited is because in this particular case, the focus really was generally with the facts of this case, that indeed there was evidence that it is indeed the same gun, and it was in connection. In addition, I didn't write the brief, I'm simply arguing it, but nonetheless, I think I would support that. Go ahead, follow along. That's been my question since I started looking at this case. I've read the same guideline that you referred to. It does say any firearm with another offense. One interpretation of that could be that it could be any gun, not the same gun as in the offense that was charged. Now, you tell me there are cases from other circuits that have dealt with that question? Indeed there are. In fact, there are numerous circuits that have. How about this circuit? This circuit has not. Numerous circuits have addressed that though, and have indicated that does not need to be the same gun. Why don't you give us some, even if you haven't cited them in your brief? We can look them up. I didn't find any such cases, but I'm interested that you did. I would ask for leave of court to file a supplemental brief. I didn't specifically focus on that part, but I do note that while I was doing my research, I did find numerous cases. I don't really know why you didn't focus on it when the letter of counsel specifically says the above reference enhancement would require at a minimum a hearing to prove that the firearm involved in this case was involved in the other incident on June 6, 2002. Now, that patently puts into issue whether it's the same gun. Why would you not have focused on it? Because the government's position would be that the evidence was sufficient to establish that indeed it was the same gun by a preponderance of the evidence standard. They presented no evidence whatsoever to contradict that. Why do they have to present evidence? That's why I asked you. The burden of proof is on the government. If the government, if they object to what you put in, how can you just proceed without at least having something more? Well, because at that point, I think the government's position would be the government met its burden of proof by a preponderance of the evidence, and therefore the burden then would shift to the defendant to establish that's not the case. You heard your opponent argue there was no evidence. There was nothing. There was assertion in the PSR, nothing else. What's your response to that direct statement? That there was a police report that provided the basis of the information that was contained in the pre-sentence report. In fact, counsel concedes, the judge specifically said, there's certainly some circumstantial evidence there, and defense counsel said, certainly, your honor. That's the transcript of page 91. Based upon that, counsel's agreeing that there's circumstantial evidence that, indeed, it is, in fact, the same gun, in addition to all the other facts of reliability, which, again, I think clearly establishes The evidence is the police report, which is referred to by the pre-sentence report. That is correct, your honor. And as is referred to by the judge, nothing was presented whatsoever to contradict that. And I think that the police report clearly, based upon third circuit precedent, establishes this particular fact by a preponderance of the evidence. By the way, the person, I looked at page 91, the person who, this is another case, the person who said there's very strong circumstantial evidence that the firearm, that wasn't Mr. Yannanick, that was Mr. Clancy. Who is Mr. Clancy? Is he a government lawyer? Mr. Clancy is the assistant United States attorney. Okay, so that was the government's position. That happens in another case before us, where the transcript, where the judge Go ahead. I don't think that's correct, your honor. I'm looking at the transcript. I'm looking at page 91, 92, yeah. I'm looking at page 91, and directly in the middle of that page, Mr. Yannanick responds, certainly, your honor. The court says there's certainly some circumstantial evidence. That's at line 10 and 11. Line 12 says, and this is the response from Mr. Yannanick, certainly, your honor. Yeah, and then he gives on to say there was nothing in that charge related specifically to a gun or description of the gun. Based on that, he did not plead to any kind of gun offense in Dauphin County. I don't know what certainly, your honor, is. You know, people are very respectful of the court. You know, they may say certainly, but he never, the thing that you read us to say there was very strong circumstantial evidence appears in 92, and that's the government saying. I'm not saying that someone couldn't draw the inference. The question before us is really multiple. One, is it enough for the government to rely on the PSR when it has been objected to and not have any evidence presented by the government? And you also raised, I thought you would say, oh sure, it has to be the same gun, but you didn't. And so then we also have the question, if we have to get into it, whether it has to be the same gun. We may not have to in this case. The government has taken on itself the burden of showing that it was the same gun. In fact, that's the case here. I don't think that's an issue that the court needs to get into, but nonetheless I can address that in a supplemental letter or memorandum or brief. I would note regarding the conviction itself, conviction is not required. In fact, a charge is not even required. And that's very clear in the application of 14C as counsel states in that specific factor that a gun or a description of the gun is not part of the charge related to this particular case. It doesn't have to be. I don't think anybody thinks it has to be. The question really is, is it the same gun? And you say it's the same gun because the first gun was a silver revolver, the early June one, and he says prove it. If I'm not mistaken, there were three. Will you tell me, what were the circumstantial points on which the government relied to say it's the same revolver? One was that it looked the same and that it was a silver revolver in both instances. What were the other points of that? I would note first the fact that he left that time with a blue backpack. The handgun was found in the blue backpack. He left in a dark minivan. He was stopped in a dark minivan. I see my time's up if I may just finish. Sure, finish your answer. That in conjunction with the fact that it was a silver revolver handgun I think certainly provides sufficient evidence and certainly circumstantial evidence in addition to the reliability of evidence because we have the victim in this particular case said 19 days before he was even stopped and arrested described the handgun, the backpack and the minivan. And then he stopped with the handgun fitting the description in both color, revolver as opposed to semi-automatic and handgun as opposed to rifle and then in addition to the backpack and the minivan. Thank you. Thank you very much. We'll hear rebuttal. You've read from page 91. It's too tall. I share the same problem. Go ahead. This is not a waiver issue. I clearly state on page 91 lines five through nine Additionally, the probation officer assumed certain facts in order to come to the conclusion that the June 6, 2002 incident involved the same firearm that was found on Mr. O'Gara on June 25, 2002. There's been no evidence presented to the court. Then I'm cut off by the judge. The judge says there's certainly some circumstantial evidence and as your honor is correct after being cut off I said certainly It wasn't an admission as to what she's saying but nonetheless for you to have a meaningful sentencing hearing What is your authority that it has to be the same weapon? Well, I think in this I don't have any authority You and I have read the same sentencing guideline. It does say any firearm, doesn't it? The guidelines do say that but this case is about this particular firearm that was found with this particular man. But you've argued in your brief that it had to be the same and you wanted hearing so that it could be developed that it was not the same where it was the same. Well, that was one of the issues. If you look at The PSR states the firearm was used in connection with. Isn't your answer to Judge Alarcon the language in connection with? I believe so You didn't say that. I also say in that objection that Mr. O'Gara never admitted to any of the facts in connection with what the probation officer put in paragraph 3 of his report Well, you say in connection with. It's in connection with what? Defensive conviction? Correct. Okay, and if defensive conviction is possession of a firearm a continuing offense, right? It is So if defensive conviction is a continuing offense and your client, even if they he was having some different gun in his hand at the time is he not using any firearm that's in connection with a possession offense? I think it has to be related to the charge he's pleading guilty to. Otherwise you're sentencing a felon to something wholly unrelated, wholly unrelated to what he was charged with. What does the word another stand for then in that Another felony offense One, I guess that's not this particular felony of being in possession. Some other conduct. Such as threatening a woman with a firearm? Threatening a woman with a firearm is, I guess, another felony offense. Isn't that what this case is all about? It is Okay, I think that we would like memoranda from both parties on the question as to whether it has to be the same firearm. The government said it has cases from other circuits that it didn't cite and you obviously want to take the other position, I assume. Sure. I'll ask the government to file a, since you have the cases already, to file a memorandum with the court within seven days by next Tuesday and you'll get seven days to respond Your Honor, I ask, I leave for Fort Bragg My military duty begins on Saturday Do you have another counsel in your office? Not that CJA appointed to do the work I'd ask, essentially, I guess for at least seven days from my return I hope you're not getting a warrant. No, it's only for two weeks, Your Honor. It would be May 2nd, it's a Friday of my return My first day back in the office, I guess, is May 5th, so the 13th By May 9th Michael, do you have that for the minutes? Okay. Alright. We'll take this What turned out to be an interesting case under advisement Thank you, gentlemen